Stoky, J.
delivered the Opinion. of the Court as follows:
The United States brought an action of debt against the Defendants on a bond given for'the payment of dUr ties on goods imported in the brig Dover into the port of Providence.
Upon the pleadings in the Court below, judgment was given in favor of the United States, and tiie Defendants have brought the present wTrit of error to reverse that judgment,
The material facts are, that the brig arrived within tjie limits of the United States on the 30th day of June, 1812; and within the collection district of Providence, on the first day of July, 1812. On the second day of July, an entry was duly made at the custom house and the present bond was then executed.
The principal question which has been argued is, whether on these facts the goods are liable to the pay-. ment of the double duties imposed by the act of the first day of July, 1812, ch~..i±2. That act-provides “that an “ additional duty of 100 per cent, upon the permanentdu«ties now imposed by law, &c. shall be levied and collected “ upon all goods, wares and merchandizes which shall, “from and after the passing of this act, be imported iptp “ the United States from any foreign port or place.” It is contended that this statute did not take effect untit the secondday of July; nor indeed until it was formally promulgated and published. We cannot yield assent to this construction. The statute w as to take effect *120 from its passage; and. it is a general rule that where the computation is to be made from art act done, the, day on which the act is done is to be included.
It is further contended that the importation was complete. by the arrival of the vessel within the jurisdictional limits of the United States, on the thirtieth day of June. We have no difficulty in overruling this argument. To constitute an importation so as .to attach the right to duties, it is necessary not only that there should be an arrival within the limits of the United States, and of a collection district hut also within the limits'of some port of entry. Thié was expressly decided in the case of the United States v. Vowell, 5 Crunch, 368.
Without therefore adverting to the consideration of the regularity or sufficiency of the pleadings we are all of opinion that on the merits .the judgment must be - affirmed.

Judgment affirmed with six per cent, damages and costs-.