UNITED STATES

v.

**Aaron P. PRITT, 366–88–0485, Radioman Seaman (E–3), U.S. Naval Reserve.**

**NMCM 98 01660.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 6 March 1998.

Decided 25 June 1999.

LT Omar R. Lopez, JAGC, USNR, Appellate Defense Counsel.

LCDR Joann W. Melesky, JAGC, USN, Appellate Government Counsel.

Maj Kevin M. Fitzwater, USMCR, Appellate Government Counsel.

Before SEFTON, Chief Judge, TROIDL, Senior Judge, and ROLPH, Appellate Military Judge.

TROIDL, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of fleeing apprehension and three specifications of larceny, in violation of Articles 95 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 895 and 921 (1994). The adjudged sentence includes a bad-conduct discharge, 13 months confinement, total forfeitures, and reduction to the lowest enlisted pay grade. The convening authority approved the sentence as adjudged, but suspended all confinement in excess of 12 months pursuant to the terms of a pretrial agreement. The convening authority granted the appellant clemency as to both the adjudged and automatic forfeitures.

We have carefully reviewed the record of trial, the appellant's assignments of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

### Fleeing Apprehension

■ In his first assignment of error, the appellant argues that his plea to violating Article 95, UCMJ, by fleeing to avoid apprehension was improvident. In support of his position, he cites a long line of cases to the effect that flight alone does not constitute resisting apprehension [1] and asserts that the amendment to Article 95, UCMJ, which made fleeing to avoid apprehension an offense,[2] *"does not apply to acts occurring before June 26, 1998."* Appellant's Brief of 19 Feb 1999 at 3. He bases this date upon Exec. Order 13,086, 63 Fed.Reg. 30,065 (1998), which amended the Manual for Courts–Martial, and implemented the amendments to the UCMJ contained in the National Defense Authorization Act for Fiscal Year 1996, Pub.L. No. 104–106, 110 Stat. 461 (1996)[hereinafter Public Law 104–106].[3]

The Government concedes that prior to the amendment of Article 95, UCMJ, fleeing alone was insufficient to constitute the offense of resisting apprehension and in at least one earlier case before this court conceded, and this court accepted, that service members could not be charged with fleeing apprehension which occurred prior to 26 June 1998.[4] The Government now asserts that "fleeing from apprehension actually became punishable on 10 February 1996, the date the statute was amended." Government's Answer of 21 Apr. 1999 at 5.

This issue was apparently discussed by the military judge and counsel during a conference held in accordance with RULE FOR COURTS-MARTIAL 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.). In explaining for the record what occurred during that conference, which explanation was agreed to by both counsel, the military judge stated that:

> We discussed the fact that what is being charged under Charge I is fleeing apprehension, which is a change to Article 95 of

1. The appellant cited *United States v. Burgess*, 32 M.J. 446 (C.M.A.1991); *United States v. Harris*, 29 M.J. 169 (C.M.A.1989); *United States v. Jones*, 34 M.J. 1229 (N.M.C.M.R.1992); *United States v. Grady*, 34 M.J. 1045 (N.M.C.M.R.1992); and *United States v. McCurry*, No. 9701809, 1998 WL 918616 (N.M.Ct.Crim.App. 4 Dec. 1998)(unpublished decision). Appellant's Brief of 19 Feb. 1999 at 3.

2. The amendment to Article 95, UCMJ, was contained in the National Defense Authorization Act for Fiscal Year 1996, Pub.L. No. 104–106, Title XI, § 1112, 110 Stat. 461 (1996), which the President signed into law on 10 February 1996.

3. Exec. Order 13,086, 63 Fed.Reg. 30,065 (1998), reads, in pertinent part, as follows: "Nothing contained in these amendments shall be construed to make punishable any act done or omitted prior to June 26, 1998, which was not punishable when done or omitted."

4. *McCurry*, unpub. op. at 2.

the UCMJ. It changed in 1996 some time. It is applicable to Article 95 offenses that would have taken place at the time alleged in this charge sheet, and as such the only issue was what would be the maximum punishment if the accused was found guilty for that. We have determined the maximum punishment is a DD and one year for that particular offense, for the fleeing apprehension offense. I'm sorry, a bad conduct discharge and one year not a DD, a bad conduct discharge and one year confinement for that offense. Since the current 1995 Manual for Courts–Martial bound edition does not have that, we had to look it up from other sources.

Record at 11–12.

Although the military judge did not identify the "other sources" he consulted, one likely source was the Military Judge's Benchbook, Dept. of the Army Pamphlet 27–9 at 750–51 (30 Sept. 1996), given that the military judge's statement of the maximum punishment and his explanation of both the elements of the offense and the applicable definition mirror the language contained in that publication. Record at 11–12 and 44–45; Benchbook at 253–54.[5]

█ The legislation that amended Article 95, UCMJ, to explicitly include the offense of fleeing apprehension did not include any language indicating the date on which the amendment was effective or applicable. Public Law 104–106, Title XI, § 1112. The Supreme Court has noted that "[i]t is well established that, absent a clear direction by Congress to the contrary, a law takes effect on the date of its enactment." *Gozlon–Peretz v. United States*, 498 U.S. 395, 404, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991)(citing*Robertson v. Bradbury*, 132 U.S. 491, 493, 10 S.Ct. 158, 33 L.Ed. 405 (1889); *Arnold v. United States*, 13 U.S. 104, 9 Cranch 104, 119–120, 3 L.Ed. 671 (1815); 2 N. Singer, Sutherland on Statutory Construction § 33.06, p. 12 (C. Sands 4th rev. ed.1986)).

█ Here, we find no such contrary direction in the statutory language. Nor is there an effective date specified for Public Law 104–106 as a whole. "Congress' silence in this regard contrasts with the express effective date provisions for other discrete sections of" Title XI to Public Law 104–106. *Id.;* See Public Law 104–106, §§ 1121(b), 1122(b), and 1133(c). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Gozlon–Peretz*, 498 U.S. at 404–05, 111 S.Ct. 840 (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983); citing *General Motors Corp. v. United States*, 496 U.S. 530, 541, 110 S.Ct. 2528, 110 L.Ed.2d 480 (1990)).

We can discern no Congressional purpose in enacting the amendment to rebut the presumption that it became effective at once. Congress described its purpose as being to "make it clear that the offense of 'resisting apprehension' under Article 95 of the Uniform Code of Military Justice includes flight from apprehension." H.Con.Rep. No. 104–450 (1996), *reprinted in* 1996 U.S.C.C.A.N. 378. Given this purpose, it seems unlikely that Congress intended the effective date to be any time other than the date of enactment. Accordingly, we find that fleeing apprehension became an offense punishable as a violation of Article 95, UCMJ, after it was signed into law on 10 February 1996.

█ The standard of review to determine whether a plea is provident is whether the record reveals a substantial basis in law or fact for questioning the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991). Such rejection must overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty, and the only exception to the general rule of waiver arises when an error prejudicial to the sub-

---

5. Another possible source was R.C.M. 1003(c)(1)(B)(i), which provides in pertinent part that "[f]or an offense not listed in Part IV of this Manual which is included in or closely related to an offense listed therein the maximum punish-

ment shall be that of the offense listed . . . ." The maximum punishment listed by the military judge is quite appropriately the same as that for resisting apprehension.

stantial right of the appellant occurs. R.C.M. 910(j); Art. 59(a), UCMJ.

■ In our review to consider the providence of the appellant's plea of guilty to fleeing apprehension, we determined that the military judge accurately listed the elements of this offense, properly defined the elements, and that the appellant indicated an understanding of the elements of the offense, and stated that they correctly described his actions. The appellant clearly stated in his own words just how his actions met the elements of the offense. We find no substantial basis in law and fact for questioning the appellant's guilty plea to fleeing apprehension. Moreover, we find that his plea to that offense was provident, and that no error materially prejudiced his substantial rights. The assignment of error is without merit.

### Sentence Appropriateness

■ The appellant's other assignment of error is that his sentence is inappropriately severe. In support of his position, the appellant notes that: he was not allowed to visit his pregnant wife during 104 days of pretrial restriction; he made restitution of $500 to two of his three victims; he cooperated with authorities in the prosecution of a theft ring; and, he had no prior convictions or nonjudicial punishments.

■ We find that the sentence is appropriate in all respects for these offenses and this offender. The record reflects that the appellant was a thief who broke into three vehicles owned by deployed Sailors. In the course of each break-in, he damaged the vehicle and then stole hundreds of dollars worth of personal property. Only after fleeing apprehension, ultimately surrendering, and being charged for these crimes, did the appellant agree to make restitution and cooperate with authorities in the investigation of a theft ring as part of a pretrial agreement limiting his punishment and causing the Government to dismiss other referred charges. We are convinced that the military judge afforded the appellant the individualized consideration to which he was entitled based on the "nature and seriousness of the offense and the character of the accused." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982). In this case, we conclude that the appellant does not seek an appropriate sentence, but rather seeks clemency in addition to that already afforded to him by the convening authority. Clemency, however, is a prerogative of the convening authority, not this court. *United States v. Healy*, 26 M.J. 394, 395–396 (C.M.A. 1988). The assigned error is without merit.

### Conclusion

Accordingly, we affirm the findings of guilty and sentence as approved below.

Chief Judge SEFTON and Judge ROLPH concur.