# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**KANNON S. SHIELDS**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201400025**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 1 October 2013.
**Military Judge**: LtCol Eugene Robinson, USMC.
**Convening Authority**: Commanding General, 1st Marine Aircraft Wing, Okinawa, Japan.
**Staff Judge Advocate's Recommendation**: Maj J.M. Hackel, USMC.
**For Appellant**: CAPT Stephen White, JAGC, USN.
**For Appellee**: CDR Gregory R. Dimler, JAGC, USN; Maj Crista D. Kraics, USMC.

**22 April 2014**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of sexual assault of a child and possession of child pornography, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934. The military judge sentenced the appellant to confinement for ten years, forfeiture of all pay and allowances, reduction to pay grade E-1, and a

dishonorable discharge.  In accordance with a pretrial agreement, the convening authority approved the sentence as adjudged, suspended all confinement above 24 months and, except for the dishonorable discharge, ordered the sentence executed.

On appeal, the appellant argues that his sentence is inappropriately severe in light of his youth and the facts of his case.[1]  We disagree.

It is well-settled that "a court-martial is free to impose any sentence it considers fair and just."  *United States v. Turner,* 34 C.M.R. 215, 217 (C.M.A. 1964).  We review the appropriateness of the sentence *de novo.  United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).  We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'"  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Turning to the facts of this case, we conclude that the appellant's sentence is fair and just under the circumstances. The appellant was a 20-year-old lance corporal stationed in Okinawa, Japan when he went online and met the fifteen-year-old daughter of another service member.  After meeting online, the two began texting each other and soon their conversations turned sexual in nature.  Several days later, the appellant met her on base, shared a taxi back to his barracks and then engaged in sexual intercourse with her in his barracks room.  However, she was not the first underage girl the appellant met online.

As he explained to the military judge, several months before he met his fifteen-year-old victim, the appellant routinely went online and found girls ranging from 14 – 17 years old in chat rooms and meeting sites.  During these chats sessions, he solicited videos and images of these minors engaging in sexually explicit conduct and stored them on his cell phones or computer.  Finally, he admitted that his actions were motivated by his own sexual arousal and described his conduct as "childish."  Record at 43, 45.

Under these circumstances, we conclude that the approved sentence is appropriate for the appellant and his offenses.  To grant relief at this point would be engaging in clemency, a prerogative reserved for the convening authority, and we decline

---

[1] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

to do so. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988). We are convinced that justice was done and that the appellant received the punishment he deserved.

## Conclusion

We conclude that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ. The findings and the sentence as approved by the convening authority are affirmed.


For the Court



R.H. TROIDL
Clerk of Court