# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.A. FISCHER, M.K. JAMISON**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**BRYAN S. LACOUNT**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300259**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 19 March 2013.
**Military Judge**: LtCol Nicole K. Hudspeth, USMC.
**Convening Authority**: Commanding General, 2d Marine Division, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation**: Maj J.N. Nelson, USMC.
**For Appellant**: CDR Michael C. Pallesen, JAGC, USN.
**For Appellee**: LT Ann E. Dingle, JAGC, USN.

**19 June 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of committing an indecent act in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. The appellant was sentenced to confinement for four years, reduction to pay grade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged and, pursuant to a pretrial agreement (PTA), suspended execution of

confinement in excess of twenty-four months and waived imposition of automatic forfeitures for a period of six months.

In his two assignments of error, the appellant alleges: (1) that the Government violated the PTA by failing to defer or waive the automatic forfeitures associated with the appellant's sentence after the appellant had established an allotment in favor of his dependents[1]; and (2) that the sentence awarded the appellant is inappropriately severe.

After careful examination of the record of trial and the pleadings of the parties, we are satisfied that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

### Sentence Severity

In his remaining assignment of error averring that his sentence is inappropriately severe, the appellant makes two arguments: (1) that because the appellant did not receive the benefit of his bargain with the CA regarding the deferral and subsequent waiver of automatic forfeitures, he asks that the sentence affirmed by the court not include the reduction in pay grade awarded by the military judge; and, (2) that his sentence which includes a dishonorable discharge is unduly severe.

"Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 10 C.M.A. 102, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

The appellant pleaded guilty to one specification of violating Article 120, UCMJ, in that he committed an indecent act upon his stepdaughter, who was then 11 years old. Based on

---

[1] One of the alternative forms of relief requested by the appellant was that the court order "immediate compl[iance] with the forfeiture waiver portion of the Pretrial Agreement." Appellant's Brief of 15 Nov 2013 at 8. The Government in its Answer moved to attach an affidavit from CWO2 ST, Officer in Charge, Legal Section, Installation Personnel Administration Center, Camp Lejuene, confirming that on 5 February 2014, the appellant's wife received all monies due from the appellant's automatic forfeiture of pay. That motion was granted by this court and this assignment of error is now moot.

the circumstances surrounding the indecent act, the psychological impact upon the child as indicated by the record, together with the remaining evidence in aggravation, as well as the evidence offered by the defense in extenuation and mitigation, we find that the punishment awarded was appropriate for this offender and this offense. Granting the appellant the requested relief would amount to an act of clemency which is left to "command prerogative" of the CA. *Healy,* 26 M.J. at 396. Accordingly, we decline to grant relief.

## Conclusion

The findings and the sentence approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court