# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

## UNITED STATES OF AMERICA

v.

## TREVIN C. CUMMINGS
## AVIATION ORDNANCEMAN SECOND CLASS (E-5), U.S. NAVY

### NMCCA 201400095
### SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 28 October 2013.
**Military Judge:** Col James Carberry, USMC.
**Convening Authority:** Commanding Officer, Marine Aircraft Group 24, 1st Marine Aircraft Wing, Marine Corps Base Hawaii, Kaneohe Bay, HI.
**Staff Judge Advocate's Recommendation:** Maj J.M. Hackel, USMC.
**For Appellant:** LtCol Richard Belliss, USMCR.
**For Appellee:** LCDR Jeremy Brooks, JAGC, USN; Maj Crista Kraics, USMC.

**26 June 2014**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 128. The military judge sentenced the appellant to confinement for 75 days, reduction to pay grade E-1, and a bad-conduct discharge. The convening

authority approved the sentence as adjudged and, except for the punitive discharge, ordered the sentence executed.

On appeal, the appellant argues that his sentence is inappropriately severe in light of his military service and the facts of his case. We disagree. We conclude that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

We review the appropriateness of the sentence *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Turning to the facts of this case, we conclude that the appellant's sentence is appropriate and just under the circumstances. The victim, AMS, was a newly arrived member at her squadron having just completed her initial training. Approximately one week after her arrival, she and approximately ten others from the squadron went out in town to celebrate her birthday. The appellant was among those in the group that evening. They all initially met at a residence of one of the members of the group, Aviation Ordnanceman Second Class (AO2) I. When the group returned to AO2 I's house later that evening, AMS proceeded to vomit in a bathroom from the effects of alcohol. AO2 I then told AMS that she could sleep in one of the empty bedrooms and "no one would bother her there." Prosecution Exhibit 1 at 2. She then crawled into bed and fell asleep.

The appellant was a 26-year-old second class petty officer (E-5) in his seventh year of service at the time of his offense. After the group returned that evening to AO2 I's house, the appellant fell asleep on a couch in the living room. During the night he got up from the couch, wet from rain coming through a nearby open window, and entered the bedroom where AMS lay asleep. He then got into bed next to her and fell asleep. At some point during the evening or early hours of the next morning, the appellant awoke, moved over, and began caressing AMS's thigh as she lay sleeping on her stomach. He continued to do so for some time until she awoke, startled, and hastened out of the bedroom. AMS testified at trial that this experience left her feeling "violated" and she experienced difficulty concentrating at work. Record at 39-40. She also sought

2

counseling from a chaplain and a mental health provider and remained under a doctor's care on the date of trial.  *Id*. at 40.

We have given due consideration to the appellant's record of service and the nature of his offense.  Under the circumstances, we conclude that the approved sentence is appropriate for the appellant and his offense.  To grant relief at this point would be engaging in clemency, a prerogative reserved for the convening authority, and we decline to do so. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).  We are convinced that justice was done and that the appellant received the punishment he deserved.

### Conclusion

The findings and the sentence are affirmed.


For the Court



R.H. TROIDL
Clerk of Court