# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**THOR Z. WATTS**
**NAVAL AIRCREWMAN OPERATOR SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201400128**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 25 November 2013.
**Military Judge**: CDR Lewis T. Booker, Jr., JAGC, USN.
**Convening Authority**: Commanding Officer, Patrol Squadron
FOUR SIX, Oak Harbor, WA.
**Staff Judge Advocate's Recommendation**: LCDR D.E. Reike,
JAGC, USN.
**For Appellant**: CDR Suzanne M. Lachelier, JAGC, USN.
**For Appellee**: Capt Stacy M. Allen, USMC; LT Ann E. Dingle,
JAGC, USN.

**22 July 2014**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial,
convicted the appellant, pursuant to his pleas, of one
specification of assault consummated by a battery, one
specification of unlawfully carrying a concealed weapon, one
specification of reckless endangerment, and one specification of

drunk and disorderly conduct, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934. The military judge sentenced the appellant to confinement for 10 months, forfeiture of $1,000.00 pay per month for 10 months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, except for that part of the sentence extending to a bad-conduct discharge, ordered it executed. Pursuant to a pretrial agreement, the CA suspended all confinement in excess of 90 days and the bad-conduct discharge.

The appellant's sole assignment of error claims that the bad-conduct discharge is inappropriate given the appellant's two attempts to withdraw from the incident before it escalated, and his record of performance and overall character. We disagree.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

**Background**

The appellant, despite lacking a concealed-carry permit, attended a party onboard base housing with a loaded .45 semi-automatic handgun hidden on his person. The appellant then became intoxicated and brandished the weapon.

After other guests learned of the appellant's handgun, Naval Aircrewman Operator Third Class (AWO3) K, confronted the appellant, seized the handgun from him and emptied the weapon's magazine onto the floorboards of the appellant's truck. An argument ensued, with the appellant seeking to reclaim his pistol. When AWO3 M confronted the appellant in an attempt to calm the situation, the appellant punched AWO3 M in the face.

Later that evening the appellant recovered his weapon and went to his truck, where he started retrieving the loose rounds. At this point he was confronted by Sergeant (Sgt) L, who questioned why the appellant was there with a handgun. During this questioning, Sgt L observed the appellant pull the slide back on the weapon and insert a round into the chamber. Fearing

2

for his and others' safety, Sgt L repeatedly punched the appellant in an attempt to knock him unconscious.  As this occurred, another Sailor was able to overcome the appellant's continued resistance and wrest the loaded weapon from his hand.

At trial, the appellant presented extensive evidence of a successful enlistment with remarkably rapid advancement.  Witnesses and letters from friends and family painted a picture of a professional, mature, focused young man with extensive knowledge of proper firearms safety.

### Sentence Appropriateness

In accordance with Article 66(c), UCMJ, a military Court of Criminal Appeals "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."  Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves.  *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).  This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'"  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

The appellant argues that a bad-conduct discharge is an inappropriate punishment due to the appellant's history of performance and demonstrated good military character, and the fact the appellant twice attempted to leave the scene before matters escalated.  The appellant claims these facts, compared to the stigma and personal burden that accompanies a punitive discharge, make a bad-conduct discharge inappropriately severe in his case.  We disagree.

After *de novo* review of the entire record, we find that the sentence is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling,* 14 M.J. at 268.  In addition to the serious nature of the offenses, we carefully considered his character and performance.

While the appellant's otherwise successful career is noteworthy, and his decision to attempt to leave the gathering was likely the right one, they do not outweigh the serious

3

nature of his misconduct.  First, despite extensive weapons experience and knowledge of proper firearm safety, he chose to unlawfully carry a loaded handgun to a public gathering at which he drank heavily and then brandished the weapon.  When confronted, he responded by punching a fellow Sailor in the face.  Second, even accepting the appellant's claim that he was attempting to lock the weapon in his truck and leave the scene when he was confronted by Sgt L, this in no way excuses or mitigates his decision to load a round into the weapon's chamber, thereby recklessly endangering Sgt L's life.

Considering the entire record, we conclude that granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395-96.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

4