**UNITED STATES, Appellee,**

v.

**Ricky A. SNELLING, Private, U.S. Army, Appellant.**

No. 39918.

CM 439406.

U. S. Court of Military Appeals.

Dec. 6, 1982.

For Appellant: *Captain Richard W. Vitaris* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Raymond C. Ruppert, Captain Edward J. Walinsky* (on brief); *Colonel William G. Eckhardt, Lieutenant Colonel John F. Lymburner, Major Charles A. Byler.*

For Appellee: *Captain Thomas E. Booth* (argued); *Colonel R.R. Boller, Major John T. Edwards, Captain Paul K. Cascio* (on brief); *Major Ted B. Borek, Captain John L. Plotkin, Captain Glenn D. Gillett, Captain Paul G. Thomson.*

## OPINION OF THE COURT

COOK, Judge:

Tried by general court-martial, military judge alone, the accused was convicted, despite his pleas,[1] of robbery, in violation of Article 122, Uniform Code of Military Jus-

---

1. The accused pleaded guilty to wrongful appropriation of money and certain items taken during the robbery.

tice, 10 U.S.C. § 922. The approved sentence extends to a bad-conduct discharge, confinement at hard labor for 1 year and a day, forfeiture of all pay and allowances, and reduction to the grade of E–1. The Court of Military Review affirmed the findings and sentence.

We specified the following issue:

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN AFFIRMING APPELLANT'S APPROVED SENTENCE, WHICH INCLUDED A BAD–CONDUCT DISCHARGE AND CONFINEMENT AT HARD LABOR OF ONE YEAR AND ONE DAY WHEN A CO–ACTOR RECEIVED ONLY A FIELD GRADE ARTICLE 15 FOR THE SAME OFFENSE.

The evidence as adduced by the Government showed that the accused, as well as Corkhill, Sinclair, Wright, and the accused's girlfriend were socializing together in a bar when the conversation turned to robbing a German. After leaving the bar, they encountered the victim who was walking down the street. Sinclair and the accused "bumped" the victim, and Sinclair grabbed him. The accused took the victim's purse and threw it to Corkhill who ran away. Shortly thereafter the accused was sent after Corkhill to retrieve the purse which was to be returned to the victim for money. After the exchange Sinclair gave the money to the accused who shared it with Corkhill. At trial Corkhill testified that he received punishment under Article 15, UCMJ, 10 U.S.C. § 815, for his involvement in the case. The military judge sustained a government objection that the testimony was "really not a proper subject to be exploring here."[2] The staff judge advocate advised the convening authority that "Corkhill received a field grade Article 15 for his role." The trial defense counsel also mentioned this fact in his comments on the review. *See United States v. Goode,* 1 M.J. 3 (C.M.A.1975). However, these comments apparently did not accompany the review

provided to the convening authority prior to his action. *United States v. Snelling,* CM 439406, unpublished (ACMR September 17, 1980). The issue specified was not raised below.

Sentence appropriateness is determined by the sentencing authority at the trial level, the convening authority or supervisory authority, and the Court of Military Review. *See* paras. 76, 88 and 100, Manual for Courts-Martial, United States, 1969 (Revised edition). Generally, sentence appropriateness should be judged by "individualized consideration" of the particular accused "on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Mamaluy,* 10 U.S.C.M.A. 102, 106–07, 27 C.M.R. 176, 180–81 (1959).

Some intermediate courts have recognized an exception to this rule "when there are highly disparate sentences in closely related cases." *United States v. Olinger,* 12 M.J. 458, 460 (C.M.A.1982), and cases cited therein. However proper it may be for the convening authority and the Courts of Military Review to consider sentence comparison as an *aspect* of sentence appropriateness, it is only one of many aspects of that consideration. *See United States v. Coldiron,* 9 M.J. 900 (A.F.C.M.R. 1980), *pet. denied,* 10 M.J. 249 (1981); *United States v. London,* 9 M.J. 905 (A.F.C.M.R. 1980).

We have recently considered our role in sentence review in *United States v. Olinger, supra.* There we reiterated our refusal "to evaluate the appropriateness of individual court-martial sentences, particularly in those cases where the court below exercised its unique fact-finding powers under Article 66 . . . and determined the sentence was correct in law and fact." *Id.* at 460. However, we also recognized "that we may properly review a lower court's 'reassessment of sentence . . . to prevent obvious miscarriages of justice or abuses of discretion.'" *Id.* at 461.

---

**2.** The military judge ruled that the "testimony would be appropriate . . . if we ever get to the

sentencing phase of this trial."

 Bearing these precepts in mind, we note that Corkhill, the least-participating party, received "a field-grade Article 15" for his actions. Although not referenced by counsel, we judicially notice that Sinclair, the instigator, received a sentence of a bad-conduct discharge, confinement at hard labor for 30 months, total forfeiture of pay and allowances, and reduction to E–1.[3] The principle of sentence comparison would seemingly demand comparison not only to Corkhill's Article 15 but also to the sentence imposed on Sinclair. In any event, "[w]hile lesser sentences were given here to [a] certain malfeasant[ ], the facts do not demonstrate that appellant's sentence exceeded '*relative* uniformity' " nor did it "rise to the level of an obvious miscarriage of justice or an abuse of discretion." *United States v. Olinger, supra* at 461.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.

---

**3.** Sinclair argued inappropriateness of sentence before the Court of Military Review which reduced his approved sentence to a bad-conduct discharge, confinement at hard labor for 18 months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. *United States v. Sinclair,* CM 438544, unpublished (ACMR March 27, 1980). His petition for review was denied. 9 M.J. 205 (1980).