772

UNITED STATES

v.

Sergeant Rodney A. SPENHOFF, FR559–13–4322 United States Air Force.

ACM 30729.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 30 April 1993.

Decided 17 Jan. 1995.

Appellate Counsel for Appellant: Colonel Jay L. Cohen and Captain Joel R. Reifman.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Lieutenant Colonel Robert E. Williams, Jr., and Captain Jane M.E. Peterson.

Before HEIMBURG, RAICHLE, and GAMBOA, Appellate Military Judges.

OPINION OF THE COURT

GAMBOA, Judge:

Appellant was convicted, contrary to his pleas, by a military judge sitting as a general court-martial, of maiming a girl by burning

her buttocks. Article 124, UCMJ, 10 U.S.C. § 924 (1988). His approved sentence is a bad conduct discharge, confinement for 42 months, forfeiture of $500.00 pay per month for 42 months, and reduction to E–1. Appellant claims the evidence is legally and factually insufficient to support the findings of guilty and argues that his sentence is unduly severe. Finding neither argument persuasive, we affirm.

## I. FACTS

On 8 October 1992, appellant was babysitting the two-year old daughter of his girlfriend when the child defecated in her pants. Appellant became upset and burned the child on the buttocks with a hot metal object, probably a steam iron. Appellant told the girl's mother that the child was burned when she climbed into the bathtub where he had rinsed her soiled clothes in hot water. Appellant did not seek medical care for the child and neither did the child's mother. Instead, the child's day care provider, noticed the severity of the burn while babysitting on 13 October 1992, and took the child to the base hospital emergency room where hospital personnel contacted the Sacramento County Sheriff's Office. When asked about the incident by deputy Diana Shijo, appellant repeated the story he gave the child's mother. Some 17 days later, detective Thomas McMahon confronted appellant with inconsistencies in the story he gave to deputy Shijo. Appellant then told him that the injury occurred when he concentrated hot air on the child's buttock while drying her with a hand held hair dryer. Appellant denied that the burning was purposeful.

The base family treatment manager testified that there was a very large, significant burn which covered most of the girl's left buttock, and a bruise or mark on the right buttock. Deputy Shijo testified that the top of the large burn came to a triangular-shaped point like an iron, and the wound showed little round circles similar to the holes in a steam iron.

Dr. David Barillo, a burn specialist and staff surgeon at the Brooks Army Medical Center Burn Unit, testified that the burns were consistent with a hot metal object being applied directly to the child's skin, and that the burn was probably not caused by a hair dryer. Dr. Barillo stated that to cause a similar injury, hot air from a hair dryer would have to be applied continuously for 5 to 15 minutes, and that a victim would have to be restrained because of the pain this would cause. Dr. Barillo opined that it was conceivable that ten years hence the skin would not appear normal. The wound was a deep second or third-degree burn which had not fully healed after six months. Dr. Barillo considered it a permanent injury, because the skin would not be able to rebuild itself normally and some of the healing would be "by scarring rather than an organized healing process." Dr. Barillo testified that the burned area was lighter than the surrounding skin and would probably never regain its natural color.

## II. DID INFLICTING THIS INJURY CONSTITUTE MAIMING?

Simply put, is the injury disfiguring if inflicted upon a body part usually covered by clothing? Appellant claims maiming did not occur because: few persons would notice a scar on the normally clothed buttocks; the injury did not cause severe physical impairment; and the injury lacks permanency.

The elements of the offense of maiming are: "that the accused inflicted a certain injury upon a certain person; that the injury seriously disfigured the person's body ...; and that the accused inflicted this injury with an intent to cause some injury to a person." MANUAL FOR COURTS-MARTIAL, UNITED STATES (MCM), Part IV, ¶ 50b (1984). The disfigurement required for maiming must impair perceptibly and materially the victim's comeliness, i.e., grace or beauty. *United States v. McGhee*, 29 M.J. 840, 841 (A.C.M.R.1989). "The modern rationale of the crime may be said to be the preservation of the natural completeness and normal appearance of the human face and body, and not, as originally, the preservation of the sovereign's right to the effective military assistance of his subjects." La Fave and Scott, *Criminal Law* § 7.17(b) (2d ed.1986). The disfigurement must be a serious injury of a substantially permanent nature. However,

the offense is complete if the injury is inflicted even though there is a possibility that the disfigurement may be cured by surgery. MCM, Part IV, ¶50c(1) (1984). Maiming requires a specific intent to injure generally but not a specific intent to maim. Thus one can commit the offense even if they intend only a slight injury. *Id.* at ¶50c(3) (1984)

■ Appellant argues that the location of the injury diminishes the case for maiming because few people will notice a scar in an area usually covered by clothing, and the effect on a pleasing appearance is therefore marginal. We disagree. The law of maiming, as it has developed, protects the integrity of not only the victim's face, but also the victim's body. In California, which has a maiming statute similar to Article 124, UCMJ, courts have found maiming even when the injuries occurred in a part of the body that is normally unexposed. *People v. Keenan,* 227 Cal.App.3d 26, 33, 277 Cal.Rptr. 687 (1991). We agree with that rationale. We find that the injury inflicted here, even though located in a normally unexposed area, perceptibly and materially impaired the victim's comeliness. We live in a society where the buttocks is a factor in an individual's comeliness. Bikini beachwear and bikini underwear are, if not the norm, common. Certainly, all facets of the human anatomy are on display during intimate relations, and the integrity of the buttocks is a factor of physical beauty, as reflected by Michelangelo's David. This child victim will have a constant reminder that her physical appearance is not, in all respects, comely. We find, contrary to appellant's argument, that the injury is permanent. Dr. Barillo testified that the skin would probably always be discolored and stated it was a deep, permanent injury. Furthermore, there is no requirement, as argued by appellant, that there be significant physical impairment when the maiming consists of disfigurement. Accordingly, we affirm appellant's conviction.

## III. SENTENCE APPROPRIATENESS

■ The child's natural father testified in aggravation that, as a result of this incident, he now has custody of the child. He entered the child into therapy because she was hav-

ing nightmares and would wake up in the middle of the night screaming and crying. One morning she saw him ironing his clothes and "did an about-face, screamed, and took off running ..." She also has an aversion to hot objects.

Under Article 66(c), UCMJ, our statutory mandate is to determine sentence appropriateness to ensure that justice is done. *United States v. Healy,* 26 M.J. 394 (C.M.A.1988). We have given individualized consideration to the nature and seriousness of the offense and the character of the offender. *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982). We find that justice has been done and that the accused has received the punishment he deserves. The approved sentence is not inappropriately severe.

## IV. CONCLUSION

We conclude that the findings and the sentence are correct in law and fact, the sentence is not inappropriate, and no error prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judges RAICHLE and HEIMBURG concur.