BAKER, Judge
(concurring in the result):
I write separately to emphasize that the result in this ease is limited to the facts of this case. Among other things, this was a military judge alone sentencing proceeding and Appellant did not object to the admission of the Static 99 information on Daubert[1] grounds.
The majority opinion identifies these points. What it does not say is that the Static 99 system has not been fully vetted under Daubert in the context of the military justice system. In the civilian context, at least one circuit court of appeals has expressed skepticism regarding the system. In that case, Judge Posner stated:
[Static 99] may be more accurate than clinical assessments ... but that may not be saying much. Estimates of recidivism are bound to be too low when one is dealing with underreported crimes such as sex offenses. Static 99 treats as a recidivist only someone who is convicted of a further sex offense, but the recidivism concern is with someone who commits a further offense, whether or not he is caught — yet if he is not caught, his subsequent crime does not affect the data on which the Static 99 calibrations are based.
United States v. McIlrath, 512 F.3d 421, 425 (7th Cir.2008). My concern is with how the Static 99 system should be used in military sentencing, if at all.
Military sentencing is predicated on the individualized consideration of the accused. This is well established in our case law. See United States v. Mamaluy, 10 C.M.A. 102, 106, 27 C.M.R. 176, 180 (1959) (“accused persons are not robots to be sentenced by fixed formulae but rather, they are offenders *348 who should be given individualized consideration on punishment”); see also United States v. Snelling, 14 M.J. 267, 268 (C.M.A. 1982). A formulaic methodology used for sentencing such as the Static 99 used here would seem to convert individualized consideration into a numeric calculation based on static factors, including matters that in the military justice system are inherently discretionary, like whether the prosecutor charges conduct “on divers occasions” or through multiple counts.
Nonetheless, in this case, I am confident Appellant received the individualized sentencing consideration the Uniform Code of Military Justice requires. First, this was a military judge alone trial. A military judge in particular is suited to understand the difference between a statement that thirty-eight percent of persons with the same Static 99 score re-offended and a statement that there was a thirty-eight percent chance that this Appellant would re-offend. Second, Appellant had ample opportunity to cross-examine the expert and place his concerns and doubts before the military judge. Third, the seventeen-page stipulation of fact put the static factors on which the system relies into the individualized context of this case.

. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).