# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, T.J. STINSON**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**AARON L. LANE**
**CULINARY SPECIALIST SEAMAN (E-3), U.S. NAVY**

**NMCCA 201300479**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 29 August 2013.
**Military Judge:** CAPT Brian Lansing, JAGC, USN.
**Convening Authority:** Commander, Navy Region Mid-Atlantic, Norfolk, VA.
**Staff Judge Advocate's Recommendation:** CDR S.J. Gawronski, JAGC, USN.
**For Appellant:** CAPT Stephen White, JAGC, USN.
**For Appellee:** CDR Christopher Van Brackel, JAGC, USN; Maj Crista Kraics, USMC.

**30 June 2014**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of possession of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge sentenced the appellant to confinement for 2 years, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. The convening

authority approved the sentence as adjudged.  Pursuant to a pretrial agreement, the convening authority suspended confinement in excess of 18 months.

On appeal, the appellant raises two assignments of error. First, he argues that there is a substantial omission from the record of trial due to the absence of the court-martial convening order.[1]  Second, he argues that his sentence is inappropriately severe in light of his military service and the facts of his case.  We disagree.  We conclude that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

We review sentence appropriateness *de novo*.  *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).  We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'"  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Turning to the facts of this case, we conclude that the appellant's sentence is appropriate under the circumstances. Using the file sharing software known as "Frostwire" and "Limewire", the appellant searched for pornography using the search term "Lolita" and downloaded a number of videos, including videos of children engaging in sexually explicit conduct.  Record at 106-08.  Although he recognized that these videos contained child pornography, he chose to retain them on his computer for continued viewing.  *Id*. at 122.

The National Center for Missing and Exploited Children (NCMEC) determined that three of the 44 videos analyzed contained 12 series of known child sexual exploitation victims. These videos portray, *inter alia*, young girls engaging in sexual acts with adult men.  Prosecution Exhibit 1 at 2.

We have given due consideration to the appellant's record of service and the nature of his offense.  We conclude that the approved sentence is appropriate under the circumstances.  To grant relief at this point would be engaging in clemency, a prerogative reserved for the convening authority, and we decline

---

[1] The record of trial was originally missing the court-martial convening order cited in the charge sheet as order 1-13, dated 4 January 2013.  On 16 April 2014, the Government submitted a motion to attach Convening order 1-13 dated 4 January 2013, which we granted.  Consequently, the record of trial is now complete.

to do so.  *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).  We are convinced that justice was done and that the appellant received the punishment he deserved.

 The findings and the sentence are affirmed.

       For the Court




       R.H. TROIDL
       Clerk of Court