# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.A. FISCHER, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**DYMOND R. MCCRAY**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201300390**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 10 June 2013.
**Military Judge**: Maj Nicholas Martz, USMC.
**Convening Authority**: Commanding Officer, Headquarters and
Service Battalion, Marine Corps Recruit Depot, Parris
Island, SC.
**Staff Judge Advocate's Recommendation**: LtCol R.G. Palmer,
USMC.
**For Appellant**: CDR Suzanne Lachelier, JAGC, USN.
**For Appellee**: CDR Mary Grace McAlevy, JAGC, USN; Maj Crista
Kraics, USMC.

**22 July 2014**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial
convicted the appellant, pursuant to her pleas, of one
specification of assault consummated by battery and one
specification of assault with a dangerous weapon in violation of
Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.

The military judge sentenced the appellant to confinement for ninety days, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.[1]

In the appellant's sole assignment of error she contends that the imposition of a bad-conduct discharge is inappropriately severe. After careful consideration of the parties' pleadings and the record of trial, we are convinced that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred.

**Background**

In October of 2012, the appellant had an extended argument with her then fiancée, Sergeant PG. As the argument progressed, Sergeant PG demanded that the appellant return the engagement ring he had given her. The appellant told Sergeant PG to take the ring from her, but maintained control of it in her clenched fist. Sergeant PG pried open the appellant's fingers to retrieve the ring at which point the appellant struck Sergeant PG in the upper body with her closed fist.

Despite this altercation, the appellant and Sergeant PG married in November of 2012. In January 2013, the appellant discovered that Sergeant PG had recently sent a text message to another woman that contained an inappropriate photo of himself. This contributed to further relationship strife and shortly thereafter, on 13 January 2013, the appellant and Sergeant PG began an argument over the volume of his music. The argument escalated and Sergeant PG attempted to leave the residence in the appellant's car. When Sergeant PG entered the driver's seat the appellant brought a steak knife from the kitchen, reached over the car door and swung the knife at Sergeant PG, making contact with his right arm and slicing the skin along his forearm. Sergeant PG disarmed the appellant and pushed her to the floor, at which point the appellant grabbed a padlock off the floor and swung it at Sergeant PG, striking him in the head. The appellant then called the police and reported that her husband had assaulted her.

---

[1] The military judge recommended that the CA suspend the punitive discharge in light of the appellant's honorable service up to the incident for which she was court-martialed. Record at 130.

## Sentence Appropriateness

The appellant asserts that the adjudged bad-conduct discharge is inappropriately severe given her record of service and the particular facts of her conduct.

"Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

In this case the appellant pled guilty to assaulting Sergeant PG on two separate occasions, wielding a knife that cut his arm, and striking him in the head with a metal padlock. After carefully considering the record, the evidence offered in aggravation, as well as the evidence offered by the defense in extenuation and mitigation, we find that the punishment awarded was appropriate for this offender and this offense. Granting the appellant the requested relief would amount to an act of clemency which is left to "command prerogative" of the CA. *Healy,* 26 M.J. at 396. Accordingly, we decline to grant relief.

## Conclusion

The findings and the sentence approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court