# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, S.A DOMINGUEZ**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**BRIAN M. HATCH**
**INFORMATION SYSTEMS TECHNICIAN FIRST CLASS (E-6), U.S. NAVY**

**NMCCA 201400011**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 25 September 2013.
**Military Judge:** CAPT Robert Blazewick, JAGC, USN.
**Convening Authority:** Commander, Navy Region Southeast, Naval Air Station, Jacksonville, FL.
**Staff Judge Advocate's Recommendation:** CDR N.O. Evans, JAGC, USN.
**For Appellant:** CAPT Stephen White, JAGC, USN.
**For Appellee:** CDR Mary Grace McAlevy, JAGC, USN; Maj Crista Kraics, USMC.

**22 July 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of one specification of possession of child pornography, in violation of Articles 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge sentenced the appellant to

reduction to pay grade E-3, confinement for 18 months, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged.

On appeal, the appellate argues that his sentence is inappropriately severe in light of his military service and the facts of his case.  We disagree.  After careful consideration of the appellant's assignment of error, the record of trial, and the pleadings of the parties, we conclude that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

We review sentence appropriateness *de novo*.  *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).  We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'"  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Turning to the facts of this case, we conclude that the appellant's sentence is appropriate under the circumstances.  Using peer-to-peer file sharing websites, the appellant downloaded pornography he knew, based upon the file names, would likely depict minors engaged in sexually explicit conduct.  These images, which included a number of videos, depicted young children engaging in sexual acts with other children and adults.  The National Center for Missing and Exploited Children determined that five of the images, and 13 of the videos, depicted known child sexual exploitation victims.  Moreover, the appellant admitted to possessing child pornography from January of 2005 until his computers were seized in February of 2011.

We have given due consideration to the appellant's record of service and the nature of his offense, and conclude that the approved sentence is appropriate under the circumstances.  To grant relief at this point would be engaging in clemency, a prerogative reserved for the CA, and we decline to do so.  *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court