# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**RICHARD A. SMITH**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300401**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 31 July 2013.
**Military Judge**: Col G.W. Riggs, USMC.
**Convening Authority**: Commanding General, 2d MAW, II MEF, Cherry Point, NC.
**Staff Judge Advocate's Recommendation**: LtCol J.J. Murphy, USMC.
**For Appellant**: CDR Suzanne M. Lachelier, JAGC, USN.
**For Appellee**: CDR James E. Carsten, JAGC, USN.

**24 July 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of wrongfully possessing child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced the appellant to three years and six months' confinement, reduction to pay grade E-1, and a dishonorable

discharge.  The convening authority (CA) approved the sentence as adjudged.

The appellant's sole assignment of error is that the awarding of a dishonorable discharge is inappropriately severe when compared against his military service, his requirement to register as a sex offender, and the pendency of state prosecution for child pornography related offenses stemming from the original Naval Criminal Investigative Service (NCIS) investigation.  We disagree.  After carefully considering the record of trial, and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred.  Arts. 59(a) and 66(c), UCMJ.

## Background

During an Immigration and Customs Enforcement (ICE) investigation into cyber crimes against children, the appellant was identified as someone who had purchased child pornography via the internet.  NCIS assumed investigative responsibility after ICE learned that the appellant was an active duty Marine. The investigation was later provided to local civilian authorities by one of the NCIS special agents who worked on the case.

During the NCIS investigation, it was discovered that the appellant possessed thousands of images and videos of child pornography that he downloaded from peer-to-peer file sharing websites or by purchasing subscriptions to access multiple other child pornography websites.  The National Center for Missing and Exploited Children determined that 555 of these images depicted known child victims.

On 17 July 2013, a civilian arrest warrant was issued for the appellant based on allegations that he possessed child pornography from 1 March 2011 to 31 March 2011.

## Sentence Appropriateness

This court reviews sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).  In accordance with Article 66(c), UCMJ, a military appellate court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record,

2

should be approved."  Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).  This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'"  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

After our review of the entire record we find that the sentence is appropriate under the circumstances. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling,* 14 M.J. at 268.  In addition to considering the nature and seriousness of the specific offense, we have carefully considered the individual characteristics of the appellant, the collateral consequence of sex offender registration, and the pendency of civilian charges in state court for the same misconduct to which he pled guilty at court-martial.[1]  We also considered the appellant's overall performance and recognition he received while in the Marine Corps. Considering the entire record, we conclude that justice is done and the appellant received the punishment he deserves by affirming the sentence as approved by the CA.  Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395-96.

**Conclusion**

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[1] "[I]t is constitutionally permissible to try a person by court-martial and by a State court for the same act . . . ."  RULE FOR COURTS-MARTIAL 201(d), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Discussion.