# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**LEE M. MAPLES**
**GUNNERY SERGEANT (E-7), U.S. MARINE CORPS**

**NMCCA 201300448**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 21 August 2013.
**Military Judge:** Maj Nicholas A. Martz, USMC.
**Convening Authority:** Commanding General, 2d MAW, II MEF, Cherry Point, NC.
**Staff Judge Advocate's Recommendation:** LtCol J.J. Murphy, USMC.
**For Appellant:** CAPT Tierney M. Carlos, JAGC, USN.
**For Appellee:** Maj Crista D. Kraics, USMC; LCDR Brian C. Burgtorf, JAGC, USN.

**31 July 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of one specification of obstruction of justice, in violation of Article 134 Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge sentenced the appellant to sixty days' restriction, ninety days' hard labor without confinement, reduction to pay grade E-5, ninety days' confinement, a

reprimand, and a bad-conduct discharge. The convening authority (CA) disapproved the reprimand, restriction, and hard labor without confinement. The CA approved the remaining sentence as adjudged and, except for the punitive discharge, ordered the sentence executed.

The appellant's sole assignment of error is that the bad-conduct discharge is unjustifiably severe based on the fact that the appellant had an "otherwise honorable seventeen-year career." Appellant's Brief of 22 Jan 2014 at 3. We disagree. After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

**Background**

During an undercover North Carolina state investigation into internet crimes against children, it was discovered that the appellant's IP address was associated with an internet router that was used to share images of child pornography acquired by using peer-to-peer software. The IP address associated with the images led investigators to the appellant's off-base residence. After obtaining a search warrant for the appellant's home, civilian agents found several hard drives and a computer tower which were seized from the appellant's residence. During the search, the appellant's wife told investigators that the appellant was in Arizona for training and had taken a laptop computer with him.

Upon learning this, the case agent coordinated with the Naval Criminal Investigative Service (NCIS) in Arizona to recover the laptop from the appellant. After having procured a search warrant, NCIS questioned the appellant about the location of the laptop computer. The appellant initially told NCIS that he had thrown the laptop away because it was broken. However, upon further questioning, the appellant changed his story and admitted that he had discarded the laptop after his wife notified him of the earlier search conducted at their North Carolina home.

The appellant was a gunnery sergeant with over seventeen years of service in the Marine Corps. During this time, he served as a Marine Security Guard, deployed to Iraq and Afghanistan and received a number of awards and decorations.

2

**Sentence Appropriateness**

This court reviews the appropriateness of the sentence de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). A military appellate court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ. Sentence appropriateness involves the judicial function of assuring that justice is done and that the appellant gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular appellant 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

After review of the entire record, we find that the sentence is appropriate for this appellant and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005. The appellant was a gunnery sergeant with over seventeen years of service in the United States Marine Corps when he destroyed evidence that was subject to a search warrant in connection with an investigation into the possession and sharing of child pornography. Considering the nature and seriousness of this conduct, weighed against the appellant's military service, overall performance, and recognition he received in the U.S. Marine Corps, we conclude that justice was done and that the appellant received the punishment he deserved. Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395-96.

**Conclusion**

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

3