# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## ETHAN C. FOOTE
## LANCE CORPORAL (E-3), U.S. MARINE CORPS

### NMCCA 201400276
### GENERAL COURT-MARTIAL

**Sentence Adjudged**: 24 March 2014.
**Military Judge**: LtCol E.A. Harvey, USMC.
**Convening Authority**: Commanding General, 3d Marine Aircraft Wing, Marine Corps Air Station Miramar, San Diego, CA.
**Staff Judge Advocate's Recommendation**: Col Timmothy M. Dunn, USMCR.
**For Appellant**: CAPT Bree A. Ermentrout, JAGC, USN.
**For Appellee**: LCDR Jeremy R. Brooks, JAGC, USN; Capt Matthew M. Harris, USMC.

### 23 December 2014

---------------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of attempted robbery, desertion, and aggravated assault in violation of Articles 80, 85, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 885, and 928. The military judge sentenced the appellant to confinement for a period of two years, reduction to

pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged but, pursuant to a pretrial agreement, suspended all confinement in excess of 12 months.

In his sole assignment of error, the appellant contends that a dishonorable discharge is inappropriately severe in his case. After carefully considering the record of trial and the submissions of the parties, we find that no error materially prejudicial to substantial rights of the appellant occurred. We therefore affirm the findings and the approved sentence. Arts. 59(a) and 66(c), UCMJ.

Under Article 66(c), UCMJ, this court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." We independently determine the appropriateness of the sentence in each case we affirm. *See United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005). Assessing sentence appropriateness involves the judicial function of assuring that justice is done and that the appellant gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)(quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

On 20 June 2013, the appellant, fearing adverse legal action, wrote goodbye notes, left behind his military identification card, and consciously deserted from the Marine Corps. He fled to Tecate, Mexico, where he found himself in need of transportation to his ultimate planned destination of Cancun. He decided upon stealing a vehicle and attempted to force a man from his car by brandishing a pocket knife at him. When the man resisted, the appellant stabbed him repeatedly in the neck. The appellant fled the scene, but was later arrested, jailed, and charged by Mexican authorities. The appellant spent nearly four months in a Mexican jail as these civilian charges were adjudicated before being turned over to military authorities.

In arguing that a dishonorable discharge is inappropriately severe, the appellant focuses primarily on the time he spent in

2

the hands of Mexican authorities and the "deplorable"[1] conditions of the jail.  The time in Mexican jail was, however, presented and properly considered by both the military judge and the CA. Based on our individualized consideration of the appellant and the circumstances of his offenses — including his time in a Mexican jail for the same misconduct forming the basis for two of the three charges here — we are satisfied that a dishonorable discharge is not inappropriately severe.

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[1] Appellant's Brief of 16 Sep 2014 at 4, 6.