# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.J. BRUBAKER, M.C. HOLIFIELD**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## CLAUDIO E. AYALA
## STAFF SERGEANT (E-6), U.S. MARINE CORPS

### NMCCA 201400332
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 22 May 2014.
**Military Judge:** Col D.M. McConnell, USMC.
**Convening Authority:** Commanding General, 2d Marine Division, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** Maj J.N. Nelson, USMC.
**For Appellant:** CAPT Bree A. Ermentrout, JAGC, USN.
**For Appellee:** LCDR Catheryne E. Pully, JAGC, USN; LT Ann E. Dingle, JAGC, USN.

### 26 March 2015

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of dereliction of duty and one specification of larceny in violation of Articles 92 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 921. The military judge sentenced the appellant to a reprimand, reduction to pay grade E-1, confinement for three years, and a dishonorable discharge.

The convening authority (CA) disapproved the reprimand, approved the remainder of the sentence as adjudged and, pursuant to a pretrial agreement, suspended all confinement in excess of thirty months and waived automatic forfeitures for six months.

In his sole assignment of error, the appellant contends that a dishonorable discharge is unjustifiably severe in light of the financial pressures that led to his offenses, and the further hardship that the adjudged sentence will inflict upon his family. We disagree.

After carefully considering the record of trial, and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant, a staff sergeant with seventeen years of service, was a casualty assistance calls officer (CACO) appointed to the case involving the death of Lance Corporal (LCpl) CR, who died as a result of wounds he received during combat in Afghanistan. Specifically, the appellant was responsible for assisting AR (the widow of LCpl CR) and their two-year-old son. The appellant's duties as a CACO included handling all phases of LCpl CR's affairs and rendering assistance to his widow.

The appellant took possession of and was tasked with the delivery of a $29,900.00 check from the Marine Corps Law Enforcement Foundation to LCpl CR's son. The check was intended to be part of a scholarship fund for LCpl CR's son; however, the appellant never delivered the check. Approximately seventy-five days after receiving the check, the appellant deposited it into his personal bank account. Six months after that the appellant used the intended scholarship money to pay off personal debt he had accrued due to his family's personal and medical expenses.

The appellant's larceny was eventually discovered when LCpl CR's widow contacted the Marine Corps Law Enforcement Foundation and inquired about the money. LCpl CR's son was eventually awarded the scholarship funds by the Marine Corps Law Enforcement Foundation, approximately 421 days after the original $29,900.00 check was issued.

2

## Sentence Appropriateness

This court reviews sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Under Article 66(c), UCMJ, a military appellate court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)).

After our review of the entire record, we find that the sentence is appropriate under the circumstances. The appellant was entrusted with a large sum of money and caring for the family of a Marine killed in the defense of our nation; however, he abused that trust by stealing nearly $30,000.00 from the two-year-old son of a fallen warrior. The fact that the appellant was motivated by a desire to help his own family, or that the funds were eventually paid to the child by a third party after the theft was discovered, does not significantly mitigate the appellant's crimes.

We have given due consideration to the appellant's record of service and the nature of his offense, and conclude that the approved sentence is appropriate under the circumstances. Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395–96.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court


3