# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**JOHN P. GONZALES**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201400282**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 3 April 2014.
**Military Judge:** Col D.M. McConnell, USMC.
**Convening Authority:** Commanding Officer, 2d Supply Battalion, Combat Logistics Regiment 25, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** Capt M.D. Jefferson, USMC.
**For Appellant:** LT Christopher McMahon, JAGC, USN.
**For Appellee:** Maj Tracey L. Holtshirley, USMC.

**14 May 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A special court-martial consisting of officer and enlisted members convicted the appellant, contrary to his pleas, of one specification of making a false official statement and one specification of stealing U.S. Government property of a value greater than $500.00 in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921. The

members sentenced the appellant to reduction to pay grade E-1 and a bad-conduct discharge.  The convening authority (CA) approved the adjudged sentence.

The appellant's sole assignment of error is that the bad-conduct discharge is unjustifiably severe.  After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant, although divorced on 22 July 2011, continued to represent to the Marine Corps that he was married until 17 October 2013.  When the appellant had an opportunity to correct his marital status in July 2012 by revising his official Record of Emergency Data, he falsely represented he was still married and signed off on the document.  In total, the appellant received over $28,000.00 in payments he was not otherwise entitled to because he was no longer married.

The appellant's marital status came into question when his now ex-wife married another Marine and could not be added as that Marine's dependent, because she was still on record as being married to the appellant.  When first questioned by his chain-of-command, the appellant claimed that he was still married.  However, when confronted with a copy of the divorce decree, he admitted that he was divorced.  Soon thereafter, the appellant formally changed his marital status to "divorced" and made restitution.

## Sentence Appropriateness

This court reviews the appropriateness of a sentence *de novo*.  *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).  A military appellate court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."  Art. 66(c), UCMJ.  Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves.  *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).  This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the

2

offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

After review of the entire record, we find that the sentence is appropriate for this appellant and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling,* 14 M.J. at 268. In over two years, the appellant stole over $28,000.00 of funds from the U.S. Government through his own lack of action and false representations. Only when confronted with the actual divorce decree did the appellant admit that he was no longer married. Considering the nature and seriousness of a this conduct, against the appellant's record of military service and job performance, repeated combat deployments, favorable character references and diagnosis of traumatic brain injury incurred after his most recent deployment,[1] we conclude that justice is done and the appellant received the punishment he deserves by affirming the sentence as approved by the CA. Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395-96.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[1] In his unsworn statement and signed post-trial Declaration attached to the record, the appellant discusses his diagnosis of traumatic brain injury (TBI) as a result of an "IED blast" he suffered in November 2012 while in Afghanistan. Record at 286 and Declaration of Corporal P. Gonzales dated 25 Nov 2014. The matter is addressed by the parties on the record. The appellant's civilian defense counsel asserted on the record that the matter of TBI did not create any issues as to the appellant's lack of mental capability, ability to contribute to his defense or warrant a 706 board to inquire into his mental capacity or mental responsibility. Record at 287. We agree and consider the appellant's TBI only in the context of sentence appropriateness.