# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, B.T. PALMER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**DEREK R. RIVERA**
**PRIVATE FIRST CLASS (E-2), U.S. MARINE CORPS**

**NMCCA 201500112**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 26 January 2015.
**Military Judge:** Maj M.D. Zimmerman, USMC.
**Convening Authority:** Commanding Officer, Headquarters and Support Battalion, Marine Corps Installations West-Marine Corps Base, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** LtCol P.D. Sanchez, USMC.
**For Appellant:** Maj Jeffrey S. Stephens, USMCR.
**For Appellee:** CDR R.D. Evans, JAGC, USN; LT James M. Belforti, JAGC, USN.

**25 August 2015**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A special court-martial composed of a military judge alone convicted the appellant, consistent with his plea, of unauthorized absence terminated by apprehension, in violation of Articles 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The appellant was sentenced to confinement for 75 days, to be

reduced to the pay grade of E-1, and to be discharged from the Marine Corps with a bad-conduct discharge.  The convening authority (CA) approved the adjudged sentence and, pursuant to a pretrial agreement, suspended all confinement in excess of 60 days for the period of confinement plus 6 months.

The appellant's sole assignment of error is that the bad-conduct discharge is inappropriately severe.  After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant entered active-duty service on 23 July 2012.  Upon completion of his initial training he reported to the Second Battalion, Fifth Marine Regiment at Camp Pendleton California on 30 January 2013.  He began his unauthorized absence on May 6, 2013 and remained absent until 18 December 2014 when he was arrested by civilian law enforcement executing a federal warrant for desertion and returned to military control.  The appellant, via his providence inquiry statements[1] and his mother's sworn telephonic testimony during the sentencing phase, explained he went into an unauthorized absence status because his grandmother died on Thanksgiving Day 2012, his father lost his job in January 2013, and his family was being evicted from their home.  The appellant believed he could help prepare his grandmother's house to be sold and that he could assist his family financially if he returned home.  During his absence he found employment, provided financial and emotional support to his family, and helped care for his younger sisters and his sick mother.[2]  The appellant argues these circumstances, combined with the absence of government-provided aggravation evidence, renders the appellant's sentence inappropriately severe.  He asks this court to reassess his sentence and approve a sentence that includes no more than 75 days' confinement.

---

[1] The appellant did not testify during the sentencing phase of his trial.

[2] During the providence inquiry the military judge properly explained and questioned the appellant on the possible defense of duress and necessity. The appellant and his trial defense counsel agreed the defense did not exist and affirmatively waived it.  Record at 18-19.

2

**Sentence Appropriateness**

This court reviews the appropriateness of a sentence *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). A military appellate court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ. Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused receives the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

After review of the entire record, we find that the sentence is appropriate for this appellant and his offense. First, we note the imposed sentence is far below the jurisdictional maximum for a special court-martial. Second, before imposing its sentence, we note the trial court heard evidence the appellant knew he could have requested emergency leave or sought command assistance before absenting himself; that he never attempted to voluntarily return to military control; that he had no intention of turning himself in; and that had he not been apprehended in December 2014 he "would still be UA." Record at 21. Considering the nature and seriousness of the appellant's misconduct, the duration of his absence, the fact it was terminated by apprehension, and his stated intent to not return, we conclude that justice is done and the appellant received the punishment he deserves by affirming the sentence as approved by the CA. Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395-96.

3

## Conclusion

The findings and the sentence as approved by the CA are affirmed.


For the Court


R.H. TROIDL
Clerk of Court