**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant SHAW M. WALLACE**
**United States Air Force**

**ACM S32352**

**22 August 2016**

Sentence adjudged 2 September 2015 by SPCM convened at Hurlburt Field, Florida. Military Judge: Joseph S. Imburgia (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 2 months, and reduction to E-1.

Appellate Counsel for Appellant: Major Melissa Biedermann.

Appellate Counsel for the United States: Gerald R. Bruce, Esquire.

Before

DUBRISKE, BROWN, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

KIEFER, Judge:

Appellant was convicted by a military judge sitting alone, pursuant to his plea, of one specification of wrongful use of cocaine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for two months, and reduction to E-1. The convening authority deferred the reduction in rank and automatic forfeitures until action, and then at action waived the automatic forfeitures for the benefit of Appellant's family. The remainder of the sentence was approved as adjudged. Appellant asserts that his sentence was inappropriately severe.

*Background*

At the time of the charged offense, Appellant was a non-commissioned officer (NCO) and had been in the Air Force for seven years. In 2011, he deployed to Afghanistan for five months, and in 2015, when his wife was three months pregnant with their first child, he deployed to Djibouti, Africa, for just over four months. Shortly after his return from this second deployment, on or about 11 July 2015, Appellant, his wife, and some friends went out for the evening. The group ultimately ended up at a civilian friend's house. After Appellant's wife went home, the civilian friend brought out cocaine, which Appellant ingested by snorting it off a credit card.

On 13 July 2015, Appellant provided a urine sample pursuant to a random inspection. The sample tested positive for metabolites of cocaine. Appellant was interviewed by the Air Force Office of Special Investigations and provided a statement admitting to wrongful use of cocaine.

*Sentence Severity*

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We find the approved sentence correct in law and fact based on the entire record. Appellant was found guilty pursuant to his plea of wrongfully using cocaine. He argued at trial and again on appeal that his use was precipitated by stress upon return from deployment and the impending birth of his first child. He also highlights his duty performance, which appears to have been strong over the course of his career. While we recognize deployments and family circumstances can create stress on an individual, Appellant was also an experienced supervisor and seven-year NCO.

After reviewing the entire record and giving individualized consideration to the nature and seriousness of the offense and the character of the offender, we are convinced the sentence is appropriate. *See United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

*Conclusion*

The approved findings and sentence are correct in fact and law, and no error materially prejudicial to the substantial right of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859a, 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

ACM S32352