*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HITESMAN, GASTON, and C. STEPHENS,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Randy E. QUIROA**
Corporal (E-4), U.S. Marine Corps
Appellant

**No. 201800093**

Decided: 27 August 2019

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judges: Major Terrance J. Reese, USMC, (arraignment) and Colonel Peter S. Ruben, USMC, (trial). Sentence adjudged 17 January 2018 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentenced approved by the convening authority: reduction to E-1, confinement for 20 months,[1] and a dishonorable discharge.

For Appellant: Lieutenant Clifton E. Morgan III, JAGC, USN.

For Appellee: Commander Chris D. Tucker, JAGC, USN.

_____

---

[1] The convening authority suspended confinement in excess of 12 months pursuant to a pretrial agreement.

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of six violations of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2012), for wrongful distribution of methylenedioxy-methamphetamine ("ecstasy"), cocaine, and Xanax; and wrongful use of ecstasy, Xanax, and marijuana. The military judge sentenced the appellant to reduction to pay grade E-1, confinement for 20 months, and a dishonorable discharge. Pursuant to a pretrial agreement, the convening authority approved the sentence, suspended confinement in excess of 12 months, and except for the dishonorable discharge ordered the sentence executed.

The appellant raises one assignment of error, averring a dishonorable discharge is an inappropriately severe sentence considering the positive impact of his service. We disagree.

## I. BACKGROUND

The appellant enlisted in the United States Marine Corps in July 2013. He was stationed at Marine Corps Base Camp Lejeune, North Carolina, his first and only duty station. Fifteen months into his enlistment, the appellant began to distribute ecstasy, cocaine, and Xanax. He regularly distributed these drugs over a period of approximately 15 months to four Marines and various civilians. He conducted this enterprise for profit in both North Carolina and Florida, and boasted that he once made $2,500 in a single weekend.

The appellant used some of the drugs he obtained and kept pictures on his phone of his use and distribution of controlled substances. He also kept pictures of large quantities of ecstasy, cocaine, and Xanax on his phone. Even after warnings about the serious consequences of his behavior, he continued to engage in drug distribution because of the profit he made, particularly when he sold drugs to fellow Marines.

At sentencing, the appellant explained that he intended to separate from the Marine Corps after his enlistment, but was instead placed on legal hold for these offenses. The appellant further offered, that while on legal hold, he was diagnosed with a severe alcohol use disorder for which he received 23 days of intensive outpatient treatment, and was hospitalized for a week, dur-

ing which he received mental health treatment after an attempted suicide. He also suffered from multilevel lumbar spine degenerative disc disease. At trial, he had the support of approximately 20 co-workers and friends who favorably described the appellant as dependable, hard-working, trustworthy, and caring.

## II. Discussion

The court reviews the appropriateness of a sentence de novo. *United States v. Lane,* 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy,* 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy,* 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

While this court has broad discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency, as that "involves bestowing mercy" which is a "command prerogative." *Healy,* 26 M.J. at 395-96. This court "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ.

After review of the entire record, we find that the sentence is appropriate for this offender and his offenses. The appellant engaged in serious criminal conduct repeatedly and regularly over a period of 15 months. He sold multiple types of controlled substances to service members and civilians alike and conducted his business in two different states. He was motivated by the considerable profit he made with little regard for the destruction it caused. The appellant's good service, outside of his misconduct, in his single enlistment does not sufficiently ameliorate his misconduct.

We are convinced that justice was done and that the appellant received the punishment he deserved. *See Healy,* 26 M.J. at 395. Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the convening authority, and we decline to do so. *See id.* at 395-96.

## III. Conclusion

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's sub-

stantial rights occurred. Arts. 59 and 66, UCMJ. Accordingly, the findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court