# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.R. McFARLANE, S.A. DOMINGUEZ**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**ALEJANDRO B. AGUILAR**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300464**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 10 September 2013.
**Military Judge:** Col Howard Russell, USMCR.
**Convening Authority:** Commanding General, I MEF, U.S. Marine Corps Forces, Pacific, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** LtCol D.P. Harvey, USMC.
**For Appellant:** LT Jonathan M. Hawkins, JAGC, USN.
**For Appellee:** Maj Paul M. Ervasti, USMC; Capt Matthew M. Harris, USMC.

**31 July 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of two specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The appellant was sentenced to confinement for three years, forfeiture of all pay and allowances, a $45,000.00 fine, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA)

approved only so much of the sentence as provided for three years' confinement, total forfeitures, a $45,000.00 fine, and a bad-conduct discharge.[1]  Pursuant to the terms of a pretrial agreement, the CA suspended all confinement in excess of 15 months.

The appellant raises two assignments of error: (1) that his fine was grossly disproportionate to his misconduct and thus excessive under the Eighth Amendment; and, (2) that a fine of $45,000.00 was inappropriately severe given the nature of the offense and the military character of the appellant.

After careful consideration of the record of trial, the parties' pleadings, and the appellant's assignments of error, we conclude that the findings and sentence are correct in law and fact and that no error was committed that was materially prejudicial to the substantial rights of the appellant.  Arts. 59(a) and 66(c), UCMJ.

## Background

From June 2008 through June 2013, the appellant fraudulently received more than $100,000.00 by claiming Basic Allowance for Housing (BAH) to which he was not entitled.  He also fraudulently received Family Separation Allowance while deployed on two separate occasions between September 2008 and December 2010.  The appellant received these funds based upon his representation that he had married a woman named BQ.  While the record is unclear as to whether or not the appellant had legally married BQ in Mexico in 2002, the appellant verified that he received BAH beginning as early as January 2003, but did not provide any financial support to BQ while continuing to receive BAH funds.[2]  While the record reveals that the appellant received the BAH funds under false and fraudulent pretenses for a period of approximately 10 years, the military judge's imposition of a fine was tied to the funds he received during

---

[1] The CA's action contains no reference to the military judge's imposition of a reduction to pay grade E-1.  Accordingly, the adjudged reduction was neither approved nor ordered executed.  Nonetheless, a sentence which includes a bad-conduct discharge results in an automatic reduction to E-1 by operation of law.  *See* Art. 58a, UCMJ.

[2] The appellant had no further contact with BQ following the execution of his orders to Iwakuni, Japan in early 2004.

the relevant period within the statute of limitations consistent with the charged offenses.  While imposing the appellant's sentence, the military judge further advised that in selecting an appropriate fine, he had reviewed the Government's evidence and attempted to determine the portion of the money the appellant would have received if he had independently claimed BAH benefits.

## Excessive Fines

The appellant first argues that the $45,000.00 fine is excessive and thus prohibited under the Eighth Amendment.  In this regard, the appellant claims that the awarded fine is "grossly disproportionate" to his crimes.  The Eighth Amendment prohibits the imposition of excessive bail, excessive fines and cruel and unusual punishment.

To decide whether or not the appellant's fine is barred by the Eighth Amendment, we must first determine if the fine falls within the Excessive Fines Clause of the Eighth Amendment, and if it does, we must then determine whether the fine is excessive.  *United States v. Bajakajian*, 524 U.S. 321, 328-29 (1998).  Since the fine imposed was to be paid to the Government as part of appellant's sentence, the first prong of the analysis is met.  *United States v. Stebbins,* 61 M.J. 366, 373 (C.A.A.F. 2005).  The second prong requires further analysis.   As the Court in *Stebbins* noted:

> "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." Therefore, if a fine is "grossly disproportionate to the gravity of a defendant's offense," it violates the Excessive Fines Clause.

*Id.* (quoting *Bajakajian,* 524 U.S. at 334) (footnote omitted).

The appellant freely admitted that he received over $113,000.00 in BAH funds between 19 June 2008 and 18 June 2013, even though he was not entitled to them.  While the appellant argues that the Government has initiated steps to

3

administratively recoup that money, that fact has no impact on the legality of the fine imposed.  Whether or not the Government will ever be in a position to recoup its losses is speculative. The imposition of a $45,000.00 fine under these circumstances was proportionate to appellant's misconduct and was not excessive under the Excessive Fines Clause of the Eighth Amendment.

## Severity of Sentence

In his other assignment of error, the appellant avers that his sentence, which includes a $45,000.00 fine, is inappropriately severe.  The appellant contends that the quality and character of his military service, including his multiple combat deployments and his resulting injuries militate against such a fine, and the fine is thus inappropriate.

Under Article 66(c), UCMJ, we independently review sentences within our purview and only approve that part of a sentence which we find should be approved.  *United States v. Baier,* 60 M.J. 382, 383-84 (C.A.A.F. 2005).  "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves."  *United States v. Healy,* 26 M.J. 394, 395 (C.M.A. 1988).  This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'"  *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Upon review of the entire record in this case, including the appellant's military character and the physical maladies he has suffered during his deployments, we find that a fine of $45,000.00, in addition to the punishment otherwise imposed, was appropriate for this offender and his misconduct.  Given this finding, any consideration of appellant's requested relief would amount to an act of clemency which is left to the "command prerogative" of the CA.  *Healy,* 26 M.J. at 396.

4

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

5