# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.R. MCFARLANE, K.M. MCDONALD**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### JASON J. CARCHIO
### QUARTERMASTER THIRD CLASS (E-4), U.S. NAVY

### NMCAA 201400117
### GENERAL COURT MARTIAL

**Sentence Adjudged:** 12 December 2014
**Military Judge:** CAPT Robert B. Blazewick, JAGC, USN
**Convening Authority:** Commander, Naval Regional Southeast, Naval Air Station Jacksonville, Florida
**Staff Judge Advocate's Recommendation:** CDR N.O. Evans, JAGC, USN.
**For Appellant:** Capt David A. Peters, USMC
**For Appellee:** LT James M. Belforti, JAGC, USN

### 11 December 2014

---------------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCAA RULE OF PRACTICE AND PROCEDURE 18.2**

PER CURIAM:

A military judge sitting as general court-martial convicted the appellant, in accordance with his pleas of two specifications of failing to obey a lawful general regulation, one specification of communicating indecent language to a child under the age of 16 years, wrongfully soliciting a child under the age of 16 years to take and distribute sexually explicit photos of herself, two specifications of possessing child pornography, and one specification of distributing child

pornography, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. The appellant was sentenced to confinement for 30 months, reduction to pay grade E-1, a $5,000.00 fine, and a dishonorable discharge. In accordance with a pretrial agreement, the convening authority approved a bad-conduct discharge, instead of the dishonorable discharge, and the remainder of the adjudged sentence.

In his sole assignment of error, the appellant contends that the imposition of a fine in his case was inappropriate. After carefully considering the appellant's assignment of error, the record of trial, and the pleadings of the parties, we conclude that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

The appellant argues that because he was not unjustly enriched by the offenses to which he pled guilty, the adjudged fine of $5,000.00 was inappropriate. In the alternative, the appellant avers that the imposition of a fine is inappropriately severe.

"[A] court-martial is free to impose any legal sentence that it determines appropriate." *United States v. Dedert*, 54 M.J. 904, 909 (N.M.Ct.Crim.App. 2001) (citations and internal quotation marks omitted). Fines may be imposed even in the absence of unjust enrichment. *United States v. Stebbins*, 61 M.J. 366, 372 (C.A.A.F. 2005).

We review sentence appropriateness *de novo*. *United States v. Lane,* 64 M.J. 1,2 (C.A.A.F. 2006). Additionally, we have a duty under Article 66(c), UCMJ, to independently review the sentence within our jurisdiction and approve only that part of the sentence which we find should be approved. *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005). Our determination of sentence appropriateness under Article 66(c), UCMJ, requires us to analyze the record as a whole to ensure that justice is done and that the accused receives the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). In making this assessment we consider the nature and seriousness of the offenses as well as the character of the offender. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

The appellant's misconduct included using a Government computer to access sexually explicit images. Additionally, the appellant admitted to using a Government computer to communicate

2

sexually explicit language to TM, a minor child under the age of 16, and soliciting her to take sexually explicit photos of herself and send them to him via the Internet using his Navy email account. He also admitted, on divers occasions, to distributing child pornography, via the Internet, while onboard USS HALYBURTON (FFG 40) and possessing child pornography on a CD and on his personal laptop computer.

We have given due consideration to the appellant's record of service and the nature of his offenses, and conclude that the approved sentence is legal and appropriate under the circumstances. To grant relief at this point would be engaging in an act of clemency, a prerogative reserved for the convening authority. *Healy*, 26 M.J. at 395-96 (C.M.A. 1988).

The findings and the sentence as approved by the convening authority are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

3