# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, M.C. HOLIFIELD, A.Y. MARKS**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**ERIC J. PARSONS**
**GUNNERY SERGEANT (E-7), U.S. MARINE CORPS**

**NMCCA 201400435**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 30 July 2014.
**Military Judge:** LtCol D.M. Jones, USMC.
**Convening Authority:** Commanding General, Training Command, Quantico, VA.
**Staff Judge Advocate's Recommendation:** LtCol M.E. Sayegh, USMC.
**For Appellant:** LT Ryan W. Aikin, JAGC, USN.
**For Appellee:** CAPT Diane L. Karr, JAGC, USN; LCDR Keith B. Lofland, JAGC, USN.

**30 June 2015**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of three specifications of possessing child pornography and one specification each of violating a lawful general order (sexual harassment), adultery, and obstructing justice, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. The military judge sentenced the appellant to

confinement for eight years, reduction to pay grade E-1, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged and ordered it executed.[1]

In his sole assignment of error, the appellant asserts that his sentence is inappropriately severe.  We disagree.

After carefully considering the record of trial and the submissions of the parties, we conclude the findings and sentence are correct in law and fact and that there was no error materially prejudicial to the substantial rights of the appellant.  Arts. 59(a) and 66(c), UCMJ.

## Background

During an investigation into allegations of child sexual abuse,[2] members of the Naval Criminal Investigative Service (NCIS) seized several computers, hard drives and memory cards from the appellant's residence.  Forensic analysis of these items revealed more than 300 images of child pornography.  The analysis also uncovered the extensive steps the appellant took to conceal his searches for and possession of those images, including the research and use of anonymous "dark net" web sites.

Despite being under investigation, the appellant engaged in a continuing course of other misconduct.  After his wife and children moved away, purportedly to avoid interference by child protective services, the appellant began to date another woman.  For nearly a year the appellant pursued a relationship with this woman, falsely telling her he was engaged in divorce proceedings with his wife.  Based on these statements, the woman and her six-year-old daughter moved into the appellant's apartment.  All the while, however, the appellant maintained an apparently happy long-distance relationship with his wife.  When the appellant's wife learned of the adulterous relationship, she informed both the appellant and NCIS.  The appellant then advised his mistress

---

[1] The pretrial agreement had no effect on the sentence.  To the extent the CA's action purports to execute the dishonorable discharge, it is a legal nullity.  *United States v. Bailey*, 68 M.J. 409 (C.A.A.F. 2009).

[2] The appellant pleaded not guilty to numerous charges and specifications of making false official statements, rape of a child, aggravated sexual contact with a child, and assault consummated by a battery upon a child, as well as additional specifications of violating a lawful general order (sexual harassment) and obstructing justice.  Pursuant to a pretrial agreement, the Government subsequently withdrew and dismissed these charges and specifications.

to ignore the NCIS agents' attempts to contact her, and to deny any sexual relationship if questioned.

During approximately the same period, the appellant also engaged in protracted sexual harassment of a fellow, albeit junior, instructor. On numerous occasions he made crass, inappropriate sexual comments to her, usually in the presence of other instructors or students. The comments were a near daily occurrence, despite her confronting the appellant and asking him to stop.

Other facts necessary to address the assigned error will be provided below.

## Sentence Appropriateness

This court reviews sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Sentence appropriateness involves the judicial function of assuring that justice is done and that the appellant gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). As part of that review, we give "'individualized consideration' of the particular appellant 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Here, the appellant was convicted of possessing hundreds of still and video images of children engaged in sexual activity, including at least one lengthy video depicting a young girl in bondage while she is sexually assaulted by an adult male. Many of the other images in the record contained similarly disturbing material, such as bestiality and incest. The evidence indicates the appellant went to great lengths to both acquire child pornography and then hide his possession of it.

The pre-sentencing hearing mainly consisted of a contest between dueling experts on the issue of rehabilitation. While capably presented, the conflicting evidence did little to conclusively resolve the issue. One fact, however, remains undisputed: Despite knowing he was under investigation for extremely serious allegations of child sexual abuse, the appellant embarked on an extensive course of misconduct, including an adulterous affair. We find this, along with his long-term, pervasive sexual harassment of a subordinate and extensive effort to collect child pornography, to tell us more

3

about the appellant's rehabilitative potential than his 13-year-record of service.

Thus, while the appellant may otherwise have been a decent Marine with a previously clean disciplinary record and three deployments, we have no difficulty in concluding that, based on the entire record before us, justice was served and the appellant received the punishment he deserved.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

4