# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, B.T. PALMER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**ALEXANDER AGUILAR**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201500036**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 16 October 2014.
**Military Judge:** LtCol L.J. Francis, USMC.
**Convening Authority:** Commanding Officer, Headquarters and Support Battalion, Marine Corps Installations West, Marine Corps Base, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** LtCol P.D. Sanchez, USMC.
**For Appellant:** CDR Sabatino F. Leo, JAGC, USN.
**For Appellee:** CAPT Ross Leuning, JAGC, USN; LT Ann Dingle, JAGC, USN.

**27 August 2015**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of larceny and one specification of unauthorized absence, in violation of Articles 86 and 121, Uniform of Military Justice, 10 U.S.C. §§ 886 and 921. The military judge

sentence the appellant to 180 days' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, except for the punitive discharge, ordered the sentence executed. In accordance with a pretrial agreement, the CA suspended all confinement in excess of 60 days.

On appeal, the appellant alleges that his sentence is inappropriately severe given the nonviolent nature of his crimes and his honorable service.

After carefully considering the record of trial, the appellant's assignment of error, and the pleadings of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

In October 2013, the appellant drove to a range on Camp Pendleton, CA, and ordered two Marine students from the School of Infantry who were standing fire watch to load thirty cases of Meals-Ready-to-Eat (MREs) into his truck. The appellant loaded an additional ten cases of MREs into his truck. The appellant had previously been an instructor at the school and knew there would be a week's worth of MREs stored at that range for an incoming class. The appellant then left with the MREs and sold them that same day to a civilian for $800. In June 2013, the appellant had received nonjudicial punishment for similarly stealing and selling MREs.

The day after stealing the MREs the appellant was questioned by investigators from the Criminal Investigations Division (CID) on Camp Pendleton and confessed to stealing and selling the MREs. Upon being released by CID, the appellant drove to Kansas where he found a job and remained until 15 August 2014, when he was apprehended by local police based on a federal warrant for his unauthorized absence (UA).

In his unsworn statement, the appellant detailed multiple traumatic events he experienced during three combat deployments to Afghanistan and Iraq which resulted in his diagnosis for post-traumatic stress disorder (PTSD) in 2007.[1] The appellant

_____

[1] During the providence inquiry the military judge inquired into the appellant's PTSD and the medications he was taking for depression, anxiety, and sleep disorder. The appellant fully acknowledged that his PTSD did not

2

further explained that he stole and sold the MREs because he was experiencing financial hardship due to his divorce and child support payments, and was receiving less pay as a result of his reduction to Corporal following his nonjudicial punishment in June 2013.  The appellant also stated that he went UA after he was questioned by CID because he was too embarrassed to face another reduction in rank while being around students that he had instructed as a combat instructor.

## Sentence Severity

This court reviews sentence appropriateness *de novo.* *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).  Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves.  *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).  As part of that review, we give "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'"  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Here, the appellant was convicted of larceny of government property and unauthorized absence terminated by apprehension.  Additionally, the appellant was previously disciplined for stealing and selling MREs and in this instance he ordered watch-standing students to load his vehicle with MREs in order to effectuate the theft.  While the appellant's creditable and honorable service, especially in combat, weighs into our individual consideration of the appropriateness of the sentence, we conclude that, based on the entire record, justice was served and the appellant received the punishment he deserved.

---

cause or impact his decision to steal the MREs or his unauthorized absence and that he was taking his prescribed medications.  Both the appellant and his trial defense counsel maintained that the appellant's PTSD did not give rise to a potential defense of lack of mental responsibility.

**Conclusion**

The findings and sentence as approved by the convening authority are affirmed.

For the Court


R.H. TROIDL
Clerk of Court