# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

**No. 201600161**

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## SHARONDA R. MURRAY
Private First Class (E-2), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Christopher M. Greer, USMC.
For Appellant: Commander Richard E.N. Federico, JAGC, USN.
For Appellee: Lieutenant Commander Clay Trivett, JAGC, USN;
Lieutenant Jetti L. Gibson, JAGC, USN.

———————————

Decided 13 October 2016

———————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, consistent with her pleas, of one specification each of desertion, unauthorized absence terminated by apprehension, willful disobedience of a lawful order of a noncommissioned officer, escape from custody, and larceny, in violation of Articles 85, 86, 91, 95, and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 885, 886, 891, 895, and 921 (2012). The military judge sentenced the appellant to 12 months' confinement, reduction to pay grade E-1, and a bad-conduct discharge, but recommended that the convening authority (CA)

"consider clemency by immediately releasing the accused from confinement."[1] The CA approved the sentence and, pursuant to a pretrial agreement (PTA), suspended all confinement in excess of 180 days.

In her sole assignment of error, the appellant contends that a bad-conduct discharge is inappropriately severe under the unique facts and circumstances of this case. We disagree, find no error materially prejudicial to the appellant's substantial rights, and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

While stationed at Camp Lejeune, North Carolina and the subject of two pending investigations for larceny, the appellant commenced an unauthorized absence on 8 May 2006.[2] When she returned to Camp Lejeune on 15 June 2006 to retrieve some personal items, she was quickly identified, apprehended, taken into custody, and ordered by her platoon sergeant to remain in her barracks room "until otherwise directed by the command."[3] On 16 June 2006, the appellant took her roommate's car keys as her roommate slept with the keys under her pillow for safekeeping from the appellant. She left her barracks room, stole her roommate's car, and drove to New York. There she abandoned the vehicle and remained in a deserter status until 13 October 2015, when she was arrested after being pulled over for a traffic violation.

The appellant's unsworn statement during presentencing alleged that she was hazed and treated unfairly after members of her command discovered she was gay.[4] The appellant stated she felt like "all hope was lost" and that deserting the Marine Corps "was [her] only escape."[5] The appellant also

---

[1] Record at 97. The military judge merged the orders violation and the escape from custody specifications for sentencing, and credited appellant with 103 days in pretrial confinement.

[2] Prosecution Exhibit 1 at 2. The investigations involved several items: two cellular phones and accessories, four credit/debit cards, two wallets containing various credit/debit cards, two social security cards, and a portable DVD player. A search of the appellant's person, barracks room, vehicle, and wall locker revealed the location of many of those items. A monthly statement from a stolen credit card also showed that the appellant had used the card to pay her cellular phone bill.

[3] *Id.* at 2-3. The appellant does not contest the order to remain in her barracks room or the circumstances of her apprehension, and we find no error or prejudice.

[4] Record at 68.

[5] *Id.* at 70. The military judge reopened the providence inquiry and discussed the potential defense of duress with the appellant and her trial defense counsel before continuing to find the pleas provident. Both the appellant and trial defense counsel reiterated that nothing in the appellant's unsworn statement amounted to any

presented evidence of both her and her fiancee's medical issues, her employment and educational accomplishments during her desertion, and her role as a foster parent and mentor to troubled children.

## II. DISCUSSION

This court reviews sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment [s]he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). As part of that review, we give "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

We have carefully reviewed the entire record, including both the extenuating circumstances and the facts related to the misconduct. Recognizing that the appellant first began her unauthorized absence while under investigation for larcenies, was apprehended, escaped from custody, stole her roommate's vehicle, and then deserted for nine years, we conclude that a bad-conduct discharge is appropriate for this particular offender and her offenses. *See United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) ("A Court of Criminal Appeals must determine whether it finds the sentence to be appropriate."). In this case, granting any sentence relief would be to engage in clemency–a function reserved for the convening authority–and we decline to do so. *Healy*, 26 M.J. at 395-96.

## III. CONCLUSION

The findings and the sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

justification or excuse for the crimes to which she pleaded guilty. Likewise, the appellant does not now argue that her pleas were improvident.