# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

## No. 201600222

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## RICARDO C. PILOLA
Electrician's Mate Third Class (E-4), U.S. Navy
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Charles N. Purnell, JAGC, USN.
Convening Authority: Commander, Navy Region Mid-Atlantic, Norfolk, VA.
Staff Judge Advocate's Recommendation: Captain Andrew R. House, JAGC, USN.
For Appellant: Lieutenant Commander Ryan C. Mattina, JAGC, USN.
For Appellee: Lieutenant Jetti L. Gibson, JAGC, USN.

————————————

Decided 31 January 2017

————————————

Before CAMPBELL, HUTCHISON, and FULTON, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

At a general court-martial, a military judge convicted the appellant, pursuant to his pleas, of one specification of making an indecent visual recording in violation of Article 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920c. The convening authority (CA) approved the adjudged sentence of 42 months' confinement, reduction to pay grade E-1, total forfeiture of pay and allowances, and a dishonorable discharge, but

suspended all confinement in excess of 24 months pursuant to a pretrial agreement (PTA).

In his sole assignment of error, the appellant avers that the dishonorable discharge is inappropriately severe. We disagree and conclude the findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant worked in the security department onboard USS ENTERPRISE (CVN 65) as an assistant watch commander. During the timeframe alleged in the specification, ENTERPRISE personnel utilized a barge known as APL-66, where the appellant's security department work spaces were located. In March 2013, the appellant removed a ceiling tile from the restroom adjacent to the security spaces and placed a camera above the ceiling tile to discreetly film the area. The appellant controlled the camera using an application on his smartphone, and his workspace gave him a view of the restroom door so that he could activate the camera remotely when anyone he desired to record entered the restroom. On one occasion, the appellant asked a watch section subordinate, Aviation Boatswain's Mate Handling Third Class (ABH3) A.D., if she used the restroom next to security. When she replied that it was too dirty, the appellant cleaned the restroom in an effort to entice ABH3 A.D. to use that particular restroom so that he could film her. Over the next 13 months, the appellant surreptitiously recorded seven different female shipmates, in various stages of undress, while they used the restroom, provided urine samples, and conducted personal hygiene.

The recording only stopped in March 2014, when the appellant's friend, Airman (AN) J.F., found a memory card on the passenger-side floor board of his car. AN J.F. opened the card and found 30 videos of individuals using the restroom, bathing, or taking a shower. AN J.F. recognized the background in some of the videos as the APL-66 space. In other videos, he recognized the bathroom inside the appellant's house.

The appellant was originally charged with seven specifications of making indecent visual recordings in violation of Article 120c, UCMJ—one specification for each victim he recorded. In the PTA, the appellant agreed to the referral of an Additional Charge, to which he eventually pleaded guilty, in exchange for the withdrawal and dismissal of the seven specifications. As a result, his potential maximum punishment was reduced by 30 years.

## II. DISCUSSION

This court reviews sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Under Article 66(c), UCMJ, a military appellate court "may affirm only such findings of guilty and the sentence or

such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)).

RULE FOR COURTS-MARTIAL (R.C.M.) 1003 (b)(8)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) provides that a dishonorable discharge "should be reserved for those who should be separated under conditions of dishonor[.]" After review of the entire record, we find that the sentence is appropriate for this offender and his offense. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling,* 14 M.J. at 268. For over a year the appellant selectively recorded the genitalia and buttocks area of seven female shipmates—including subordinates within his watch section—while they used a workplace bathroom. The appellant's victims testified to the lasting harm caused by the appellant's actions, stating they "couldn't trust anything anymore" and that they "didn't understand why someone would betray [them]…and why someone would do that."[1] Notably, when questioned by Naval Criminal Investigative Service regarding the videos found on the memory card, the appellant denied any involvement and, instead, accused his friend, AN J.F., of committing the crimes.

Considering the nature and seriousness of the appellant's misconduct and the distrust it engendered within his victims, and having weighed the appellant's otherwise honorable service and the evidence submitted in extenuation and mitigation, we conclude that the approved sentence is appropriate under the circumstances. Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395–96.

---

[1] Record at 81.

### III. CONCLUSION

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

