# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

### No. 201700138

———————————————

### UNITED STATES OF AMERICA
*Appellee*

v.

### RODERICK A. CHAPMAN, JR.
Aviation Ordnanceman Third Class (E-4), U.S. Navy
*Appellant*

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Ann K. Minami, JAGC, USN.
For Appellant: Lieutenant Commander Ryan C. Mattina, JAGC, USN.
For Appellee: Lieutenant Kurt W. Siegal, JAGC, USN; Lieutenant Megan P. Marinos, JAGC, USN.

———————————————

Decided 26 September 2018

———————————————

Before FULTON, HITESMAN, and RUSSELL, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas and a pretrial agreement, of one specification of rape of a child, one specification of sexual assault of a child, one specification of violation of a lawful order, one specification of producing child pornography, two specifications of possessing child pornography, and one specification of obstruction of justice, in violation of Articles 92, 120b, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920b, and 934 (2016). The only

sentence limitation in the pretrial agreement was an agreement by the Convening Authority (CA) to suspend all confinement in excess of thirty-eight years,[1] The military judge sentenced the appellant to thirty-five years' confinement, reduction to pay grade E-1, and a dishonorable discharge. The CA approved the sentence as adjudged and, except for the punitive discharge, ordered it executed.

In his sole assignement of error, the appellant contends that a sentence that extends to thirty-five years' confinement is inappropriately severe.

After carefully considering the pleadings and the record of trial, we find no error materially prejudicial to the substantial rights of the appellant and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant committed his offenses while stationed at Naval Air Station Whidbey Island. The appellant had anal and oral intercourse with his twelve-year-old stepdaughter, MD, on two separate occasions. On the first occasion, the appellant performed oral sex on MD. On the second occasion, the appellant caused MD to become so intoxicated with alcohol that she was unable to walk straight. When MD wanted to go upstairs, the appellant carried her upstairs and anally raped her. Forensic testing revealed that MD had a blood alcohol concentration of .20 and semen in her anus. Additionally, the appellant was convicted of producing child pornography, possessing child pornography, and possessing animated images depicting child pornography. The appellant produced child pornography by taking numerous pictures of MD when her buttocks and vagina were exposed. Some of these photos also included the appellant's penis. Photographs of victims identified through the National Center for Missing and Exploited Children (NCMEC) and other depictions of child pornography were found on the appellant's electronic devices. Once in pre-trial confinement, the appellant attempted to obstruct justice by ordering his wife to destroy any child pornography she found. Finally, after the commanding officer issued a military protective order, the appellant used his wife to contact MD, disobeying a lawful order.

During sentencing testimony, MD's guardian testified to the damage that MD has suffered from the appellant's harm. She testified that MD is prone to outbursts and is withdrawn most of the time. An expert witness on behalf of the appellant, however, opined that the appellant had a low risk of recidivism

---

[1] "**Confinement:** May be approved as adjudged. However, all confinement in excess of thirty-eight (38) years will be suspended for the period of confinement served plus twelve (12) months thereafter, at which time unless sooner vacated, the suspended portion will be remitted without further action." App. Ex. VII.

given that this was his first offense and that he did not have deviant sexual interests. The trial defense counsel argued that the expert's opinion of low risk with the appellant's willingness to admit guilt showed that a lower sentence should be adjudged.

## II. DISCUSSION

The appellant asserts that his sentence of thirty five years' confinement is inappropriately severe.

We review sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). This court "may affirm only . . . the sentence or such part or amount of the sentence, as it . . . determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ. The assessment of the appropriateness of a sentence requires the "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). The sentence must be fair and just for each accused. *United States v. Lanford*, 6 U.S.C.M.A. 371, 378 (1955). A sentence is appropriate when justice is done and "the accused gets the punishment he deserves." *United States v. Key*, 71 M.J. 566, 573 (N-M. Ct. Crim. App. 2012) (citing *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

The appellant urges us to weigh his length of confinement against his military awards, decorations, and his admission of guilt as part of his character. We note that the appellant served in the Navy for a total of eight years and received many awards and decorations. At sentencing, the appellant expressed a desire to continue serving his country. The appellant's counsel argued that the appellant was the product of a harsh upbringing and that he had made something of his life in the Navy.

When weighing the appellant's character against his offenses we consider that the appellant raped and sexually assaulted his twelve-year-old stepdaughther on two separate occasions. On one occasion, he plied his stepdaugher with alcohol—to the point of intoxication—before anally raping her. He also took pornographic photos depicting her genitalia and his abuse. In addition to his offenses involving his stepdaughter, the appellant also possessed numerous images of child pornography depicting other victims, positively idenfied by NCMEC as children, as well as animated depictions of child pornography. The appellant's remaining offenses were committed in an effort to either dispose of evidence against him or to influence witnesses against him.

Having given individualized consideration to the appellant, the nature and seriousness of his offenses, his character, record of service, and all other matters contained in the record of trial, we find that the adjudged and

approved sentence in this case was appropriate. Under the circumstances of this case, we are convinced that justice was done, and the appellant received the punishment he deserved. *Healy,* 26 M.J. at 395.

### III. CONCLUSION

The findings of guilty and the sentence, as approved by the CA, are affirmed.

FOR THE COURT

RODGER A. DREW, JR.
Clerk of Court